FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | NO: 2:20-CV-00238-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 16 and 17. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Rosemary B. Schurman. The Defendant is represented by Special Assistant United States

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Attorney Jeffrey R. McClain.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 16, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 17.

## JURISDICTION

Plaintiff Keven H.[2] filed for supplemental security income and disability insurance benefits on October 25, 2017, alleging an onset date of March 25, 2017.  Tr. 200-06, 214-18.  Benefits were denied initially, Tr. 132-35, and upon reconsideration, Tr. 136-41.  A hearing before an administrative law judge ("ALJ") was conducted on June 27, 2019.  Tr. 30-67.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ denied benefits, Tr. 12-29, and the Appeals Council denied review.  Tr. 1.  The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

Plaintiff was 39 years old at the time of the hearing. *See* Tr. 235. He completed one year of college. Tr. 227. Plaintiff lives "with friends." *See* Tr. 248. He has work history as a customer service representative and childcare provider. Tr. 40, 63. Plaintiff testified that he stopped working because of vertigo and low blood sugar, and he hasn't tried to work since then because of pain in his feet and tailbone. Tr. 40-41, 45-46.

Plaintiff reported that he has vertigo once or twice a month, he gets chronic sinus infections every three to six months, and he tries to "avoid people." Tr. 41-43, 57. He testified that he can only sit for less than an hour before his tailbone and back start to hurt, and he has foot pain every single day that feels like a "constant throbbing." Tr. 50-51, 54-56.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 25, 2017, the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following medically determinable impairments: diabetes, hypertension, single kidney removal, history of left Achilles tendon tear, history of cataracts, mild degenerative changes of the left foot, equinus deformity, pes planus, mild obesity, allergic rhinitis, chronic sinusitis, and depression. Tr. 18. However, the ALJ also found at step two that Plaintiff does not have an impairment or combination of impairments that has significantly

limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff does not have a severe impairment or combination of impairments.  Tr. 18.  On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from March 25, 2017, through the date of the decision.  Tr. 24.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act.  ECF No. 16.  Plaintiff raises the following issue for this Court's review: whether the ALJ erred at step two.

## DISCUSSION

Plaintiff argues that the ALJ erred at step two by finding Plaintiff's mental health limitations were not severe at step two.  ECF No. 16 at 5-12.  First, at step two, a claimant must establish that he or she suffers from a medically determinable impairment.  *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-1005 (9th Cir. 2005).  The claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings.  20 C.F.R. § 416.908 (1991).  "Under no circumstances may the existence of an impairment be established on the basis of symptoms alone."  S.S.R. 96-4p.  Thus, in general, "regardless of how many symptoms an individual alleges, or how

genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings." *Id.*

Furthermore, for that medically determinable impairment to be considered 'severe' at step two of the sequential analysis, it must significantly limit an individual's ability to perform basic work activities. 20 C.F.R. § 416.920(c); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* at 1290. Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevent him from performing substantial gainful activity, and that the impairment or combination of impairments lasted for at least twelve continuous months. 20 C.F.R. §§ 416.905, 416.912(a); *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). However, step two is "a de minimus screening device [used] to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. "Thus, applying our normal standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, the ALJ found at step two that Plaintiff's depression was a medically determinable impairment, but proceeded to find that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, [Plaintiff] does not have a severe impairment or combination of impairments." Tr. 18. Plaintiff argues the ALJ improperly assessed the evidence at step two; and more particularly, that the ALJ failed to properly consider the mental health opinion evidence under the new regulations. ECF No. 16 at 7-12. The Court agrees.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . .to any medical opinion(s) . . ." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1  length of the treatment, frequency of examinations, purpose of the treatment,

2  extent of the treatment, and the existence of an examination), specialization, and

3  "other factors that tend to support or contradict a medical opinion or prior

4  administrative medical finding" (including, but not limited to, "evidence showing a

5  medical source has familiarity with the other evidence in the claim or an

6  understanding of our disability program's policies and evidentiary requirements").

7  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

8       Supportability and consistency are the most important factors, and therefore

9  the ALJ is required to explain how both factors were considered. 20 C.F.R. §§

10  404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in

11  the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

18  20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is

19  not required to, explain how the other factors were considered. 20 C.F.R. §§

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

404.1520c(b)(2), 416.920c(b)(2).[3]  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the

---

[3] Defendant argues that the standards articulated by Plaintiff for considering medical opinion in cases filed on or after March 27, 2017, do not apply because they are inconsistent with the new regulatory scheme.  ECF No. 17 at 8-11.  The Court agrees with Defendant that the new regulations indicate that ALJ's "are not to accept, reject, or even give any specific evidentiary weight to a medical opinion.  Instead, the ALJ will articulate in the decision 'how persuasive' he or she finds the medical opinions and the prior administrative medical findings."  ECF No. 17 at 11.  However, the Court finds that resolution of whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician is unnecessary to the disposition of this case. "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards." *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

In March 2018, Patrick Metoyer, Ph.D. examined Plaintiff and diagnosed him with major depressive disorder, recurrent, moderate.  Tr. 346.  Dr. Metoyer opined that Plaintiff has the ability to reason and understand; has "some" adaptation skills; his remote and immediate memory are intact; sustained concentration and persistence are adequate; his ability to interact with co-workers in the public is mild to moderately impaired; his ability to maintain regular attendance in the workplace is mild to moderately impaired; his ability to complete a normal work day or work week without interruption from mood symptoms is "likely" mild to moderately impaired; and "his ability to deal with the usual stress encountered at the workplace is markedly impaired if it involves persistent activity, complex tasks, task pressure, and interacting with other individuals."  Tr. 346-47.  The ALJ found Dr. Metoyer's assessment was "not particularly persuasive" for several reasons.  Tr. 22.

First, as to consistency, the ALJ found, without specific citation to the record or further explanation, that Dr. Metoyer's opinion was "not consistent with the longitudinal record.  [Plaintiff] has never sought any mental health treatment and has consistently reported to his care providers that he was emotionally doing well."  Tr. 22.  Plaintiff argues that he was receiving mental health medication from his

treating provider, and that his treating provider never indicated Plaintiff was "cured" of his depression or able to return to work. ECF No. 16 at 8. More notably, however, Plaintiff correctly notes that the ALJ failed to discuss the consistency between Dr. Metoyer's opinion and the limitations identified by the nonexamining state agency physicians, Eugene Kester, M.D. and John Gilbert, Ph.D., as directed by the regulations. 20 C.F.R. § 416.920c(c)(2) (directing the ALJ to consider the consistency between a medical opinion and any other medical and nonmedical sources in the record). Both Dr. Kester and Dr. Gilbert opined that Plaintiff had the severe impairment of "depressive, bipolar and related disorders." Tr. 91, 124. Both reviewers also opined that Plaintiff had moderate limitations in his ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 94, 127. They also opined that Plaintiff retained the capacity to maintain concentration, persistence, and pace only up to two hours continuously. Tr. 94, 127. Finally, Dr. Kester additionally opined that Plaintiff was moderately limited in his ability to interact with the general public. Tr. 95. The ALJ found these opinions unpersuasive for almost entirely the same general reasons discussed above with regard to Dr. Metoyer's opinion, namely, that they were inconsistent with Plaintiff's reports of

"doing well psychologically and the fact that [Plaintiff] has never pursued any treatment for alleged mental health difficulties." Tr. 22.

Defendant argues this ALJ did not err by not considering the consistency between these opinions, because the ALJ found the state agency reviewing opinions unpersuasive, and "they contained so little in the way of limitations that they actually conflict with Dr. Metoyer's conclusions, including with regard to social functioning and maintaining workplace attendance." ECF No. 17 (citing Tr. 21-22, 78, 94, 111-12, 127-28). However, as noted by Plaintiff, state agency reviewing physicians Dr. Kester and Dr. Gilbert both found that Plaintiff had severe mental health impairments at step two; thus, ALJ's failure to properly consider these opinions calls into question the ALJ's overall finding that Plaintiff had no severe mental health impairments at step two. Moreover, the Court is not permitted to consider this reasoning as it was not offered by the ALJ in the decision. *See Bray*, 554 F.3d at 1226 (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Under the new regulations, it was incumbent upon the ALJ to consider consistency, or lack thereof, between the medical opinions when considering the persuasiveness of Dr. Metoyer, Dr. Kester, and Dr. Gilbert's opinions. For all of these reasons, the Court finds the ALJ's failure to analyze consistency with regard

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

to Dr. Metoyer, Dr. Kester, and Dr. Gilbert's opinions fails to comply with the new regulations.

Second, perhaps as to supportability, the ALJ noted that "Dr. Metoyer also indicated that [Plaintiff] appeared to have some physical limitations that would be better assessed by a medical provider, yet he based at least some of his assessment on [Plaintiff's] reported pain complaints." Tr. 22. However, as noted by Plaintiff, the ALJ failed to identify with specificity which of Dr. Metoyer's assessed limitations were based on "pain complaints." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). Moreover, under the regulations, the ALJ must consider "the objective medical evidence and supporting explanations presented by a medical source" as part of the supportability analysis. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Here, the ALJ entirely failed to consider the clinical interview and objective mental status examination conducted by Dr. Metoyer. Tr. 22. Thus, the Court finds the ALJ's analysis of supportability with regard to Dr. Metoyer's opinion fails to comply with the regulations.

Overall, Defendant contends that Plaintiff "reads the record differently than the ALJ: he puts the opinion evidence above the treatment record, whereas the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

found the treatment record more persuasive." ECF No. 17 at 13. However, it is still incumbent upon the ALJ to consider all of the medical opinion evidence properly under the new regulations. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (failure to address medical opinion was reversible error); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"). Because the ALJ improperly assessed the psychological opinion evidence in the record, the Court finds the ALJ's finding that Plaintiff had no severe impairments at step two is not supported by substantial evidence. Based on the foregoing, this case must be remanded in order to determine whether Plaintiff's claimed mental impairments were medically determinable and severe, and, if so, to consider any credible limitations arising out of Plaintiff's physical impairments at all subsequent steps in the sequential evaluation.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280

(9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ erred at step two, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ should reconsider the step two finding. Then, if necessary, the ALJ should reconsider the remaining steps in the sequential analysis, reassess Plaintiff's RFC

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

and take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 15, 2021.

                *s/ Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
                United States District Judge